Good morning, Your Honors. Frank Sproul is appearing for petitioner. At the outset, we are reviewing this record and this decision of the BIA, which deals with a very modest and specific factual issue, which is can a State court expungement be afforded FOFA treatment when one count is under the influence and one count is simple possession? The reason does not criminalize being under the influence. And so the argument of the government is this party would not have received the FOFA treatment. Therefore, the ultimate expungement in this case does not vitiate the immigration consequences of the crime. I have two arguments to that, and I think they're very, very clear. Number one is Lujan, which states that the State scheme doesn't have to be a perfect fit. It states, would the defendant have been theoretically eligible for FOFA treatment? And the answer is, of course he would have been, since he could not have been criminal — you know, they don't criminalize under the influence. So by a logical necessity, the gentleman would have gotten FOFA treatment, number one. Number two, you have the Cardenas case, which deals with another odd situation where the Federal scheme doesn't criminalize paraphernalia. The gentleman got a State court expungement, and the government argued, well, he couldn't have gotten FOFA because, you know, there's no parallel criminal statute for paraphernalia. And Cardenas said, well, that's an absurd result. The idea that someone, you know, simply possesses paraphernalia doesn't get the FOFA treatment, that somebody who may have possessed, you know, a large amount of heroin would. That is sort of a disparate treatment. Well, that's the same thing here. When you think about it, according to the government's argument, you have to make sure you get arrested before you ingest the drugs to obtain the FOFA treatment. That, I posit, is absurd. And the notion that you would be treated worse because you simply ingested the drugs is an absurd result. And I believe if you take Lou Jan and the Cardenas case, the, you know, the expungement here fits FOFA. And under Lou Jan, that does in fact vitiate the immigration consequences of the crime, and consequently, the gentleman should have proceeded with the adjustment of status that he was seeking based on marriage to a United States citizen. And, I mean, to me, when you take Lou Jan and Cardenas, you know, the outcome is very clear. Now, I won't insult the intelligence of this Court and that the record appears that there may be another conviction, but that was not charged, and it formed no part of the BIA decision, so it's not part of the record, so I submit the matter. In another vein, what do we do with Estrada, the case that the government sent in a letter on? Well, sure. Two things. You know, the — that the — that there was a probation violation, then reinstated, and then expungement was granted, and the argument is that that couldn't have happened under FOFA. Two things. I mean, Cardenas — I mean, Estrada is the case. Absolutely wrongly decided. Under FOFA, there is the exact same procedure as reinstatement. The magistrate — I'm sorry. If, you know, if a gentleman violates his first-time offender under the Federal scheme, under 3565, the magistrate can simply sentence him and he doesn't get the FOFA treatment, or they can continue it. And then if the defendant successfully completes that probation, he'll get the FOFA. That is an exact parallel to the State concept of a reinstatement. So it doesn't fit. The counsel, I believe, in Cardenas didn't make that argument. So, but again — Whether it's rightly or wrongly decided, we're bound by it, because certainly, if you look across the country, pretty much every other circuit disagrees with our approach in Lujan. You know, so we really can't — as a panel, we're stuck with  That's why I'm happy to be here. So how we — yeah. Number one, I'm happy I'm practicing in the Ninth Circuit. Number two, again, this case doesn't stand for the proper — I mean, if an argument was not made by counsel, which is that there is a perfect parallel between the State court concept of reinstatement and the 3565 concept of magistrate having jurisdiction to simply continue the FOFA treatment, Cardenas doesn't — you know, I mean, I think you can challenge Cardenas. I mean, obviously, I have a problem because it's a published case, but I do believe the argument that there is no, you know, tension between a State court reinstatement and then an ultimate expungement and the FOFA, you know, the jurisdiction of the magistrate to continue it. So that argument was not made. So I think in a subsequent case, perhaps Cardenas will be on shakier ground. I have nothing further else reserved sometime. Certainly. You may do that. Ms. Miles, we'll hear from you. Thank you. The government maintains that Nunez remains convicted for immigration purposes of a crime relating to a controlled substance for three reasons. He has two convictions, the possession of a controlled substance as well as use or being under the influence of a controlled substance, that would both require Federal First Offender Act treatment in order to cure that. Do we have any very clear authority on when it's one criminal incident that gets a couple of charges? Sure. Does that constitute two crimes or one for purposes of the First Offender, Federal First Offender Act? This Court does not have any case law on that issue, but he has two separate and distinct convictions. And, yes, they did arise out of the same criminal incident. However, they are separate and distinct. One is possession of a criminal of a controlled substance, and the other is separately criminalized as use and being under the influence. And under Lujan, this Court has said that this sort of analogous application, if he were to be in Federal court, applies exclusively to first-time drug offenders who are guilty only of simple possession. So we have only guilty of that. Here he was guilty of two things, and the California court found it sufficient to convict him of both offenses, even though they arose out of the same incident. And this Court, the California courts as well as the Ninth Circuit, have over the years upheld this distinguished crime, because under public policy reasons years ago, and this is in the California courts, People v. Span, being under the influence is criminalized because it leads to addiction, further serious crimes. The courts thought it was an indication of further serious crimes. So California chooses to criminalize it, whereas some other States don't. And it has a long history of being separately criminalized. So he was convicted of both. And additionally, if you were to look at this, even though it's sort of, if he were to be in Federal court, he would be simultaneously applying for Federal offender treatment twice. I mean, he would be asking for a grant for possession of a controlled substance and then a subsequent grant for his use and being under the influence conviction. So while it's simultaneous, it still would require two separate analyses. And it just does — it's — it does not fit that the Federal first offender treatment could apply for two offenses. Additionally, we have the parole violation, which is very well-documented in Petitioner's own documents he submitted to the immigration judge, that he twice violated his probation and twice it was revoked. And under this Court's decision in Estrada, that is binding on this Court. And he would not be eligible for first offender treatment in that case. And this Court can apply Estrada. I think counsel's reaction to Estrada was to say, well, Estrada really didn't focus on the fact that there is a parallel to the Federal First Offender Act treatment of somebody who may violate a condition of probation. I don't know whether that argument was made in Estrada. I just have no idea. But would that — would that permit a distinguished — could we distinguish Estrada on that ground, possibly? Now, I — I don't think it is distinguishable, because it — it is just the act of the fact that he's violated probation that, in and of itself, would make him — because we're looking at a hypothetical application here. It's not actual application of the Federal First Offender Act. So all of this is hypothetical. The drug offenses don't perfectly match either. So you just kind of have to look at this as more of a sort of what happened, what transpired type of analysis, rather than a match-for-match analysis. And in that case, Estrada found simply probation violation. You would not, if you were in Federal court, get Federal first offender treatment. And — and here, I mean, this Court has in the — in the past, in Aguiles, digressed from the board's analysis in why they determined Federal first offender treatment wouldn't apply, but still affirmed it on a whole other legal ground. And that's what we have here. Yes, it's another legal basis. Wait, wait, wait. You — the BIA's opinion does not make any finding about parole violations. Correct. Or parole revocation. So how can we rely on that when we're dealing with a review of an agency action? Ordinarily, we're limited to whatever it is the agency decided and relied upon. It's not like with a Federal court, where we have more generic supervisory powers, and we can say, well, there were a lot of other reasons before the court, so it doesn't matter. We can't normally do that. Why can we do that here? You can do that here because analysis of the Federal first offender treatment is not something that's within the purview of the board's expertise. That's not my point. And I may not have made the question clear, because whether or not someone has violated their parole or had their — or, excuse me, or had it revoked, is a question of fact. And if we don't see a fact-finding to that effect, how can we make one? I can refer you to this court's decision in Aguiles-Arellano, as I was referring a moment ago. It's 446F3D980. In that case, the board made a factual finding that there was a single conviction, not two convictions. So instead, the court — the board in that case had proceeded to find that use in being under the influence exclusively that only conviction was — would not get Federal first offender treatment. This court took a look at the board's decision and looked at the record in that case, found that the board — looked at the record, found that the board was actually wrong, that there were two convictions, not just one. So this court determined, looked at the record, found a separate conviction, and affirmed the outcome of the decision, but instead reached a different legal conclusion. In Aguiles-Arellano, the court reached the legal conclusion that because there were two convictions that transpired at a different time, he would not get Federal first offender treatment. So this court — Sotomayor, before you run out of time, I would like to hear your third reason. You had three. You had the two convictions, the parole violations. What's your third reason? The two convictions is — is sort of part one and part two. So there are two reasons. The first — the first reason of the two convictions is that it is separate and distinct. Right. You don't need to repeat. Are there any other reasons that you haven't given us yet? No. Those are the three. I just don't want you to run out of time without listing everything that you have in mind.  Yes. So in this case, California chooses to separately criminalize use in being under the influence. He was convicted of both offenses, and he would need Federal first offender treatment for both offenses to cure the problems in this case. And because it is separate and distinct, it's viewed as a — it is viewed as a different offense. It had this court — the California courts have different reasons for doing so. It's not mere possession. He was out in public, under the influence, potentially a danger to society and himself versus being in just possession. It's a different offense. And also, he would require double treatment of it. I think we understand your position. Thank you. Thank you. First, this is sort of a class in logic. The notion that we would say he would need two FOFA treatments for a nonexistent drug crime is absurd. He couldn't ask for FOFA treatment for under the influence because it doesn't exist under the Federal scheme. So to make that parallel reasoning is simply undercardinous absurd. And again, if you want to talk about public policy, I believe it is almost comical to say you will be afforded FOFA treatment provided you don't — you get arrested before you ingest the drugs that you possess for personal use. I'm not being flippant, but let's be honest the way people behave. So, I mean — Well, they may, but why can't a State have a decision that being under the influence in a public place poses a particular danger to society, criminalizes that act separately? Absolutely. And, you know, I'm not challenging it. I'm saying, but — Is it your position that any — any conviction that doesn't have a Federal parallel and, therefore, can't receive first offender treatment, you win? Is that — is that your position? More or less. And I'll tell you why. Lou Jan says specifically, you must — you do not engage in this perfect fit analysis. It says, would you have been theoretically eligible under FOFA? So if you have simple paraphernalia, even though it's not Federalized under the Federal scheme, of course you should get the same FOFA treatment, by the same token here. Would he have been theoretically eligible under FOFA? Of course, because he wouldn't have been charged with under the influence. The Feds decide not to criminalize that. So, I mean, again, I think it's a truly absurd result that a gentleman who, you know, possesses a — But no matter how serious the crime is, I know that you don't view this as a particularly serious crime, but no matter how serious the crime, if it's only a State crime and not a Federal one, then — Well, you know, sure, I understand. But, I mean, we're really talking about there's only two subspecies of drug cases. It's either transport and sales or personal use. Right? So, I mean, theoretically, I can't imagine something that's essentially possession that would be so much more serious than what the Feds criminalize. I mean, I can't theoretically come up with one of those. So, I mean, you know, the States aren't going to — you know, the States aren't going to criminalize anything beyond under the influence and perhaps paraphernalia. I mean, you either possess it for personal use or it's a species of sale. So, I mean, that's, again, a theoretical question as opposed to, you know, what's on the — on the ground, what's real. And finally, in terms of the probation business, the only reference to a probation violation is on page 93, and it refers to a different case. So, I mean, we don't have that in this record. And so I agree with Your Honor that that's not — you know, that's not what's before this Court, and I would submit the matter. Thank you, counsel. The case just argued is submitted.
judges: B. Fletcher, Canby, Graber